T.C. Memo. 1997-310


UNITED STATES TAX COURT


WILLIAM J. TULLY, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 21041-96.                Filed July 3, 1997.


William J. Tully, pro se.

Linas N. Udrys, for respondent.


MEMORANDUM OPINION

DAWSON, Judge:  This case was assigned to Special Trial
Judge Larry L. Nameroff pursuant to section 7443A(b)and Rules 181

and 183.[1]  The Court agrees with and adopts the opinion of the Special Trial Judge, which is set forth below.

OPINION OF THE SPECIAL TRIAL JUDGE

NAMEROFF, <u>Special Trial Judge</u>:  This matter is before the Court on respondent's Motion for Summary Judgment.

<u>Background</u>

On June 27, 1996, respondent mailed a notice of deficiency to petitioner determining a deficiency in the amount of $176,399 in petitioner's Federal income tax for 1992.  In addition, respondent determined that petitioner is liable for the penalty for fraud under section 6663(a) in the amount of $132,299. Petitioner filed a timely petition for redetermination with the Court on September 27, 1996, at which time he was a resident of Ontario, CA.

Respondent filed a timely answer to the petition which includes affirmative allegations in support of respondent's determination that petitioner is liable for the penalty for fraud for the taxable year in issue.  Petitioner failed to file a reply to respondent's answer within the 45-day period prescribed in Rule 37(a).  As a consequence, respondent filed a motion pursuant to Rule 37(c) requesting that the Court issue an order that undenied allegations in the answer be deemed admitted.  By notice

---

[1]  All section references are to the Internal Revenue Code in effect for the year in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

dated January 14, 1997, petitioner was notified of the filing of respondent's Rule 37(c) motion and was ordered to file a reply to respondent's answer.[2]  Petitioner failed to file a reply to respondent's answer or otherwise respond to the Court's notice. Consequently, we granted respondent's Rule 37(c) motion, and the undenied allegations set forth in respondent's answer were deemed to be admitted.  See Doncaster v. Commissioner, 77 T.C. 334, 336 (1981); Gilday v. Commissioner, 62 T.C. 260, 261 (1974).

As indicated, respondent now moves for summary judgment with respect to petitioner's liability for the deficiency and penalty set forth in the notice of deficiency.  On April 7, 1997, the Court issued an order directing petitioner to file a written response to respondent's motion on or before May 15, 1997. Petitioner did not respond to the Court's order.

Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Florida Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no

---

[2]  The Court's notice dated Jan. 14, 1997, expressly advised petitioner of the potential consequences that would result from a failure to file a reply.

genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b); see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

The factual allegations deemed admitted under Rule 37(c) establish that during the taxable year 1992, petitioner was engaged in the business of establishing exempt organizations. Petitioner conducted seminars at which he encouraged people to establish exempt organizations, and he informed people that they could avoid income tax by conducting all their financial transactions through exempt organizations.[3] Petitioner did not receive fees from people attending his seminars, but he used his seminars to recruit clients for his business of establishing exempt organizations. Petitioner also solicited clients for his business of establishing exempt organizations through direct mailings to accountants and certified public accountants.

---

[3] Petitioner is apparently the same person who filed the petition as an officer in the case of Oliver Family Foundation, docket No. 8346-96X. See Oliver Family Found. v. Commissioner, T.C. Memo. 1997-220.

In establishing an exempt organization for a client, petitioner submitted the required filings to the State of Nevada, and obtained exempt status from the Internal Revenue Service. Records maintained by the State of Nevada indicate that petitioner established at least 224 exempt organizations during the 1992 taxable year. Eleven exempt organizations were established by petitioner for his personal use, which used the address of petitioner's residence, at 634 East Yale Street in Ontario, California, or petitioner's office, at P.O. Box 2030 in Upland, California, as a business address. The other 213 exempt organizations established by petitioner during 1992 were established for petitioner's clients. Petitioner was named as a vice president of all of these exempt organizations.

During the year 1992, petitioner charged his clients $3,000 for each exempt organization he established. Accordingly, petitioner derived at least $639,000 of income from his business of establishing exempt organizations during 1992.

For the taxable year 1992, petitioner, fraudulently and with intent to evade income tax, filed a false Federal income tax return which omitted income. Petitioner and his wife, Luetta M. Tully, (Mrs. Tully) filed a joint U.S. Individual Income Tax Return, Form 1040 (hereinafter "1992 return").[4] On their 1992

---

[4] Based upon the same notice of deficiency, Mrs. Tully filed a separate petition, and is a petitioner in a related case docket No. 21035-96, also currently before this Court.

return, petitioner and Mrs. Tully reported Mrs. Tully's net wages received from the State Teacher's Retirement System and the Ontario-Montclair School District in the amount of $24,527.39. On their 1992 return, petitioner and Mrs. Tully reported Mrs. Tully's interest income, received from the Ontario School Employee Credit Union, in the amount of $124.

With the 1992 return, petitioner filed a Schedule C, Statement of Profit and Loss from Business, for All American Financial Services (All American). On his Schedule C, petitioner stated that All American was a sole proprietorship in the business of financial consulting and marketing. On his Schedule C, petitioner reported gross receipts derived from All American in the amount of $18,500. During the taxable year 1992, petitioner received at least $639,000 of income, derived from his business of establishing exempt organizations. Thus, petitioner earned and intentionally failed to report Schedule C income in the amount of $620,500.

Petitioner fraudulently and with the intent to evade income tax understated taxable income for the 1992 taxable year in the amount of $620,500. Petitioner fraudulently and with the intent to evade income tax understated his tax liability for the taxable year 1992 in the amount of $176,399.

In the notice of deficiency, respondent determined, inter alia, that petitioners omitted $620,500 of income. Consistent

with these deemed admissions, it follows that respondent is entitled to summary judgment that petitioner is liable for the deficiency in tax for 1992 as set forth in the notice of deficiency.

Respondent also determined that petitioner is liable for the penalty for fraud under section 6663(a) for 1992. Section 6663(a) provides that, if any part of the underpayment of tax required to be shown on the return is due to fraud, there shall be added to the tax an amount equal to 75 percent of the portion of the underpayment that is attributable to fraud.

Fraud is defined as an intentional wrongdoing designed to evade tax believed to be owing. Edelson v. Commissioner, 829 F.2d 829, 833 (9th Cir. 1987), affg. T.C. Memo. 1986-223; Bradford v. Commissioner, 796 F.2d 303, 307 (9th Cir. 1986), affg. T.C. Memo. 1984-601. Respondent has the burden to prove fraud by clear and convincing evidence. Sec. 7454(a); Rule 142(b). Fraud is a question of fact to be resolved upon consideration of the entire record and is never presumed. Estate of Pittard v. Commissioner, 69 T.C. 391, 400 (1977). Respondent's burden of proving fraud can be met by facts deemed admitted pursuant to Rule 37(c). Doncaster v. Commissioner, 77 T.C. at 337; see Marshall v. Commissioner, 85 T.C. 267, 272-273 (1985).

In the instant case petitioner is deemed to have admitted, pursuant to Rule 37(c), that he fraudulently and with the intent to evade taxes filed an income tax return for 1992 in which he omitted $620,500 in income and that the underpayment of tax required to be shown on his income tax return for 1992 is due to fraud with intent to evade income tax.

We hold that the facts deemed admitted pursuant to Rule 37(c) satisfy respondent's burden of proving fraud.  Doncaster v. Commissioner, 77 T.C. at 337.  Those facts constitute clear and convincing evidence that petitioner, fraudulently and with the intent to evade taxes known to be owing, omitted more than 90 percent of his income earned during 1992 and that the underpayment of tax required to be shown on his 1992 income tax return is due to fraud.  Consequently, respondent is entitled to summary judgment that petitioner is liable for the penalty for fraud under section 6663(a) for the taxable year 1992.

In order to reflect our conclusions herein,

An order and decision granting respondent's motion for summary judgment will be entered.